UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMIE DUNAWAY and
BRYAN DUNAWAY,

       Plaintiff,

v.

CHUBB INSURANCE COMPANY OF NEW JERSEY
a Foreign Corporation,

       Defendant.

_____/

**<u>NOTICE OF REMOVAL</u>**

Defendant, CHUBB INSURANCE  COMPANY OF NEW JERSEY ("Chubb" or "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1332(a)(1), § 1441(a) and § 1446(b), removes an action filed by Plaintiffs, JAMIE DUNAWAY and BRYAN DUNAWAY ("Plaintiffs"), against Chubb pending in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, bearing Case No. 2026-CA-001436-CAAXWS, to the United States District Court for the Middle District of Florida, and further states:

1.      Plaintiff filed a Complaint for Declaratory Relief and Demand for Jury Trial against Chubb, in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida.  The suit is captioned *Jamie Dunaway and Bryan Dunaway v. Chubb Insurance*

*Company of New Jersey*, case no. 2026-CA-001436-CAAXWS. *See* Complaint and docket attached to this filing.

2.      Chubb was served with the Complaint on May 18, 2026. This Notice of Removal is therefore timely filed.

## Diversity of Citizenship

3.      "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal citations omitted) (quotation marks omitted).

4.      According to the Complaint, Plaintiffs are natural persons residing in Pasco County, Florida. Thus, Plaintiffs are presumed to be citizens of the state of Florida. *See Jones v. L. Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) ("One such presumption is that the state in which a person resides at any given time is also that person's domicile.").

5.      Defendant Chubb is and was at the time the Complaint was filed in Florida state court, a foreign corporation, organized and existing under the laws of the state of New Jersey with its principal place of business located in the state of New Jersey. Thus, for purposes of determining diversity under 28 U.S.C. § 1332(c)(1), Chubb is a citizen of the state of New Jersey.

6.      Therefore, there is complete diversity between Plaintiffs and Chubb for purposes of 28 U.S.C. § 1332.

2

**Amount in Controversy**

7.    "For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "Stated differently, the value of equitable relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." *Id.*

8.    The instant declaratory judgment action arises out of an underlying suit, *Jamie Dunaway and Bryan Dunaway v. Ryan A. Fredrickson, Harry Hinkleman, and Jane Hinkleman*, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, case no. 2023-CA-002635, filed on March 24, 2023 ("Underlying Suit"). See Ex. 1 – Underlying Complaint. In the Underlying Suit, Plaintiffs alleged that on January 23, 2023, Jamie Dunaway was struck by a vehicle operated by Ryan Fredrickson and owned by Harry and Jane Hinkleman. The Underlying Suit alleged one count of negligence against Ryan Fredrickson and counts of vicarious liability, negligent access, negligent entrustment, and negligent sale against Harry and Jane Hinkleman. Jamie Dunaway sought damages for "bodily injury; great physical pain and suffering in the past and into the future; disability and inability and loss of capacity to lead and enjoy a normal life; physical impairment; disfigurement and scarring; mental anguish in the past and into the future; loss of or diminution of earnings or earning capacity, loss of past and/or future earnings; aggravation and permanent aggravation of an existing disease or physical defect; permanent injury within a reasonable degree of medical probability and/or certainty; medical and related expenses, past and future, incurred in seeking a cure for said injuries; and property-related

damage, loss of use, rental costs, and diminution in value of the said vehicle." Bryan Dunaway sought loss damages for loss of "services, consortium, and the care and comfort of her society."

9.      Chubb issued a personal auto policy no. AU 3805 73 35 to named insureds Harry and Jane Hinkleman, with a limit of $500,000 per accident ("Policy"). Chubb provided a defense to Harry and Jane Hinkleman in the Underlying Suit.  Chubb did not provide a defense to Ryan Fredrickson.  In the case at bar, Plaintiffs seek a declaration from this Court that the Policy provides coverage to Ryan Fredrickson for the claim made by Jamie and Bryan Dunaway.

10.      On August 23, 2023, Plaintiffs sent Chubb a demand for the policy limit ($500,000).  The demand indicated that Mr. Fredrickson was traveling at 80 miles per hour at the time of the accident.  The demand described Ms. Dunaway's injuries as "catastrophic and life-altering" and alleged that Jamie Dunaway suffered fractures of the right superior pubic ramus extending into the pubic symphysis; fractures of the 1st and 10th ribs and sacrum; spinous process fractures involving T5 and T6; distal left internal carotid artery with dissection/hematoma; retinal hole; and a traumatic brain injury.  The demand also alleged a "significant loss of past income and future earning capacity with the Hernando County Sheriff's Office protecting the community."  The demand enclosed Ms. Dunaway's medical records, which revealed that she underwent surgery with insertion of hardware for her fractured pelvis, was hospitalized for several days after the accident, and was subsequently admitted to inpatient rehab for several weeks. *See* Ex. 2 – August 23, 2023 demand letter (without enclosures).

4

11. On June 3, 2025, Jane Hinkleman was voluntarily dismissed with prejudice from the Underlying Suit. On April 14, 2026, the court granted summary judgment in favor of Harry Hinkleman, finding that he did not own the vehicle at the time of the subject accident. Harry Hinkleman was dismissed with prejudice on June 11, 2026. The only defendant still remaining in the Underlying Suit is the driver, Ryan Fredrickson.

12. On February 16, 2024, prior to the court's dismissal of Harry Hinkleman, Plaintiff served a proposal for settlement as to Harry Hinkleman only in the amount of $479,999.99. *See* Ex. 3 – Proposal for Settlement.

13. Based upon the foregoing, Chubb has a good faith belief that the amount in controversy exceeds $75,000.00, exclusive of interest, attorney fees and costs.

### Venue and Jurisdiction

14. This Notice of Removal is filed in the United States District Court for the Middle District of Florida, the court for the district that embraces the state court where the removed state action was pending, and is filed within the time provided for the removal of actions to the United States District Court. See 28 U.S.C § 1446(b).

15. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16. Pursuant to 28 U.S.C. § 1446(d), Chubb has filed this Notice of Removal with this Court and is serving a copy of this Notice of Removal upon all counsel of record. A true copy of this Notice of Removal is also being filed by Chubb with the state court

where this  action was pending, and notice is given to all parties, in full compliance with 28 U.S.C. § 1446(d).

WHEREFORE, Chubb, respectfully requests that this Court (1) remove this action from the state court; (2) exercise jurisdiction over this matter as provided by law; and (3) place the action on the docket of this Court for further proceedings, the same as if this action had  originally been filed in this Court.

Date: June 17, 2026

Respectfully submitted,

**COZEN O'CONNOR**

By:   /s/  *John David Dickenson*
John David Dickenson, Esq.
Florida Bar No. 575801
jdickenson@cozen.com
luehara@cozen.com
1801 N. Military Trail, Ste. 200
Boca Raton, FL 33431
Telephone:  (561) 515-5260

Alexandra J. Schultz
Florida Bar No. 122100
aschultz@cozen.com
luehara@cozen.com
1801 N. Military Trail, Ste. 200
Boca Raton, FL 33431
Telephone: (561) 515-5205
*Attorneys for Defendant*

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

*/s/  John David Dickenson*

John David Dickenson

**SERVICE LIST**
*Attorneys for Plaintiffs*
Jonathan N. Zaifert, Esq.
CAGLIANONE, MILLER & ZAIFERT, P.A.
1580 W. Cleveland Street
Tampa, FL 33606
Telephone: (813) 314-9346
jzaifert@cagmil.com
trogers@cagmil.com