# EXHIBIT "1"

Filing # 169610353 E-Filed 03/24/2023 04:13:32 PM

IN THE CIRCUIT COURT OF THE
6TH JUDICIAL CIRCUIT, IN AND FOR
PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 2023-CA-002635

JAMIE A. DUNAWAY, Individually, and
BRYAN DUNAWAY, Her Spouse,

      Plaintiffs,

-vs-

RYAN A. FREDRICKSON, HARRY HINKLEMAN
and JANE HINKLEMAN,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, JAMIE A. DUNAWAY, Individually, and BRYAN

DUNAWAY, Her Spouse, by and through the undersigned counsel, and hereby sues the Defendants,

RYAN A. FREDRICKSON, HARRY HINKLEMAN and JANE HINKLEMAN, and alleges:

### GENERAL ALLEGATIONS

1.     This is an action for damages in excess of Fifty Thousand Dollars ($50,000).

2.     The subject of this cause of action is a January 23, 2023 motor vehicle accident that

occurred in Pasco County, Florida.

3.     At all times material hereto, Defendant, RYAN A. FREDRICKSON, was a resident

of Pasco County, Florida.

Dunaway et al. vs. Fredrickson et al.
Hernando County Case No: 2023-CA- 002635
Page 1 of 16

04052300493

## COUNT I
## JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse
## vs. RYAN A. FREDRICKSON
(Driver)

4.      Plaintiffs, JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse, reallege and incorporate paragraphs 1 through 3 as fully set forth hereinabove.

5.      On or about January 23, 2023, Plaintiff, JAMIE A. DUNAWAY, was a restrained driver in a vehicle traveling eastbound on Alternate US Highway 19 attempting to turn northbound at the intersection of US Highway 19 in Pasco County, Florida.  Defendant, RYAN A. FREDRICKSON, was operating a vehicle (2001 Cadillac El Dorado) traveling southbound on US Highway 19.

6.      Defendant, RYAN A. FREDRICKSON, owed Plaintiff, JAMIE A. DUNAWAY, a duty to operate his vehicle in a careful and prudent manner in order to avoid a collision with the vehicle occupied by the Plaintiff.

7.      At all times material to this cause of action, Defendant, RYAN A. FREDRICKSON, breached that duty, by carelessly and negligently operating his vehicle; and/or failing to stop and/or failing to pay attention to traffic and traffic control devices; and/or traveling at an excessive rate of speed; and/or traveling in and out of traffic and swerving in a reckless manor; and/or operating his vehicle while under the influence of alcohol, drugs or controlled substances; and/or failing to stop at the red stop light at the subject intersection, resulting in his vehicle colliding with the Plaintiff, JAMIE A. DUNAWAY's, vehicle and propelling it into another vehicle.

8.      As a direct and proximate result of Defendant, RYAN A. FREDRICKSON's negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained bodily injury and damages related to said bodily injury.

Dunaway et al. vs. Fredrickson et al.
Hernando County Case No: 2023-CA- 002635
Page 2 of 16

040523003493

9.    As a direct and proximate result of said negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained the following past and present damages:

a.    bodily injury;

b.    great physical pain and suffering in the past and into the future;

c.    disability and inability and loss of capacity to lead and enjoy a normal life;

d.    physical impairment;

e.    disfigurement and scarring;

f.    mental anguish in the past and into the future;

g.    loss of or diminution of earnings or earning capacity, loss of past and/or future earnings;

h.    aggravation and permanent aggravation of an existing disease or physical defect;

i.    permanent injury within a reasonable degree of medical probability and/or certainty; and

j.    medical and related expenses, past and future, incurred in seeking a cure for said injuries.

k.    property-related damage, loss of use, rental costs and diminution in value of the said vehicle.

10.    Furthermore, the losses are either permanent or continuing and Plaintiff, JAMIE A. DUNAWAY, will suffer the losses in the future.

11.    As a direct and proximate result of the carelessness and negligence of Defendant, RYAN A. FREDRICKSON, the Plaintiff, BRYAN DUNAWAY, has suffered the loss of his wife,

Dunaway et al. vs. Fredrickson et al.
Hernando County Case No: 2023-CA- 002635
Page 3 of 16

040523003493

JAMIE A. DUNAWAY's, services, consortium, and the care and comfort of her society because of her injuries and disabilities, which are permanent or continuing in nature, and the Plaintiff, BRYAN DUNAWAY, will suffer such losses in the future.

12.     Defendant, RYAN A. FREDRICKSON, is being served through the offices of a Sheriff, an authorized process server; or, in the alternative, if after diligent search and inquiry, Defendant, RYAN A. FREDRICKSON, is found to be concealing his whereabouts and avoiding service of process, he will be served within the scope of Florida Statutes 48.161 and 48.171.

<u>COUNT II</u>
<u>JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse</u>
<u>vs. HARRY HINKLEMAN and JANE HINKLEMAN</u>
(Owners)

13.     Plaintiffs, JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse, reallege and incorporate paragraphs 1 through 3 as fully set forth hereinabove.

14.     Defendant, RYAN A. FREDRICKSON, was the permissive driver of a vehicle owned by Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, traveling southbound on US Highway 19 in Pasco County, Florida.

15.     On or about January 23, 2023, Plaintiff, JAMIE A. DUNAWAY, was a restrained driver in a vehicle traveling eastbound on Alternate US Highway 19 attempting to turn northbound at the intersection of US Highway 19 in Pasco County, Florida.   Defendant, RYAN A. FREDRICKSON, was operating a vehicle (2001 Cadillac El Dorado) traveling southbound on US Highway 19.

16.     Defendant, RYAN A. FREDRICKSON, owed Plaintiff, JAMIE A. DUNAWAY, a duty to operate his vehicle in a careful and prudent manner in order to avoid a collision with the vehicle occupied by the Plaintiff.

04052300 3493

17.     At all times material to this cause of action, Defendant, RYAN A. FREDRICKSON, breached that duty, by carelessly and negligently operating his vehicle; and/or failing to stop and/or failing to pay attention to traffic and traffic control devices; and/or traveling at an excessive rate of speed; and/or traveling in and out of traffic and swerving in a reckless manor; and/or operating his vehicle while under the influence of alcohol, drugs or controlled substances; and/or failing to stop at the red stop light at the subject intersection, resulting in his vehicle colliding with the Plaintiff, JAMIE A. DUNAWAY's, vehicle and propelling it into another vehicle.

18.     Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, as the persons who owned, co-owned, and/or maintained the vehicle driven by Defendant, RYAN A. FREDRICKSON, are vicariously liable for the negligent driving actions of Defendant, RYAN A. FREDRICKSON, on January 23, 2023.

19.     As a direct and proximate result of Defendant, RYAN A. FREDRICKSON's negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained bodily injury and damages related to said bodily injury.

20.     As a direct and proximate result of said negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained the following past and present damages:

    a.     bodily injury;

    b.     great physical pain and suffering in the past and into the future;

    c.     disability and inability and loss of capacity to lead and enjoy a normal life;

    d.     physical impairment;

    e.     disfigurement and scarring;

    f.     mental anguish in the past and into the future;

Dunaway et al. vs. Fredrickson et al.
Hernando County Case No: 2023-CA-002635
Page 5 of 16

040523003493

g.    loss of or diminution of earnings or earning capacity, loss of past and/or future earnings;

h.    aggravation and permanent aggravation of an existing disease or physical defect;

i.    permanent injury within a reasonable degree of medical probability and/or certainty; and

j.    medical and related expenses, past and future, incurred in seeking a cure for said injuries.

k.    property-related damage, loss of use, rental costs and diminution in value of the said vehicle.

21. Furthermore, the losses are either permanent or continuing and Plaintiff, JAMIE A. DUNAWAY, will suffer the losses in the future.

22. As a direct and proximate result of the carelessness and negligence of Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, the Plaintiff, BRYAN DUNAWAY, has suffered the loss of his wife, JAMIE A. DUNAWAY's, services, consortium, and the care and comfort of her society because of her injuries and disabilities, which are permanent or continuing in nature, and the Plaintiff, BRYAN DUNAWAY, will suffer such losses in the future.

23. Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are being served through the offices of a Sheriff, an authorized process server; or, in the alternative, if after diligent search and inquiry, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are found to be concealing their whereabouts and avoiding service of process, they will be served within the scope of Florida Statutes 48.161 and 48.171.

040523003493

## COUNT III
## JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse
## vs. HARRY HINKLEMAN and JANE HINKLEMAN
(Owners – Negligent Access)

24.    Plaintiffs, JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse, reallege and incorporate paragraphs 1 through 3 as fully set forth hereinabove.

25.    On or about January 23, 2023, Plaintiff, JAMIE A. DUNAWAY, was a restrained driver in a vehicle traveling eastbound on Alternate US Highway 19 attempting to turn northbound at the intersection of US Highway 19 in Pasco County, Florida.    Defendant, RYAN A. FREDRICKSON, was operating a vehicle (2001 Cadillac El Dorado) traveling southbound on US Highway 19.

26.    Defendant, RYAN A. FREDRICKSON, owed Plaintiff, JAMIE A. DUNAWAY, a duty to operate his vehicle in a careful and prudent manner in order to avoid a collision with the vehicle occupied by the Plaintiff.

27.    At all times material to this cause of action, Defendant, RYAN A. FREDRICKSON, breached that duty, by carelessly and negligently operating his vehicle; and/or failing to stop and/or failing to pay attention to traffic and traffic control devices; and/or traveling at an excessive rate of speed; and/or traveling in and out of traffic and swerving in a reckless manor; and/or operating his vehicle while under the influence of alcohol, drugs or controlled substances; and/or failing to stop at the red stop light at the subject intersection, resulting in his vehicle colliding with the Plaintiff, JAMIE A. DUNAWAY's, vehicle and propelling it into another vehicle.

28.    At all times hereto, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, owed a duty to Plaintiff and the general public to exercise reasonable care in allowing others access to the keys of their vehicle and use thereof.

040523003493

29.     At all times material to this cause of action, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, breached that duty by leaving the subject 2001 Cadillac El Dorado parked on a public roadway, open, unlocked, and with the keys in the vehicle accessible to Driver and Co-Defendant, RYAN A. FREDRICKSON.

30.     As a result of the said negligence, Driver and Co-Defendant, RYAN A. FREDRICKSON, gained access to the said 2001 Cadillac El Dorado and caused a collision with the vehicle occupied by Plaintiff, JAMIE A. DUNAWAY, who suffered serious and permanent injuries.

31.     That the ability of Driver and Co-Defendant, RYAN A. FREDRICKSON, to access and control the said 2001 Cadillac El Dorado owned by Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, was a foreseeable event due to the negligence of Defendants, HARRY HINKLEMAN and JANE HINKLEMAN.

32.     As a direct and proximate result of Defendant, RYAN A. FREDRICKSON's negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained bodily injury and damages related to said bodily injury.

33.     As a direct and proximate result of said negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained the following past and present damages:

a.      bodily injury;

b.      great physical pain and suffering in the past and into the future;

c.      disability and inability and loss of capacity to lead and enjoy a normal life;

d.      physical impairment;

e.      disfigurement and scarring;

f.      mental anguish in the past and into the future;

04052300 3493

g.    loss of or diminution of earnings or earning capacity, loss of past and/or future earnings;

h.    aggravation and permanent aggravation of an existing disease or physical defect;

i.    permanent injury within a reasonable degree of medical probability and/or certainty; and

j.    medical and related expenses, past and future, incurred in seeking a cure for said injuries.

k.    property-related damage, loss of use, rental costs and diminution in value of the said vehicle.

34.    Furthermore, the losses are either permanent or continuing and Plaintiff, JAMIE A. DUNAWAY, will suffer the losses in the future.

35.    As a direct and proximate result of the carelessness and negligence of Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, the Plaintiff, BRYAN DUNAWAY, has suffered the loss of his wife, JAMIE A. DUNAWAY's, services, consortium, and the care and comfort of her society because of her injuries and disabilities, which are permanent or continuing in nature, and the Plaintiff, BRYAN DUNAWAY, will suffer such losses in the future.

36.    Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are being served through the offices of a Sheriff, an authorized process server; or, in the alternative, if after diligent search and inquiry, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are found to be concealing their whereabouts and avoiding service of process, they will be served within the scope of Florida Statutes 48.161 and 48.171.

040523003493

## COUNT IV
## JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse
## vs. HARRY HINKLEMAN and JANE HINKLEMAN
(Owners – Negligent Entrustment)

37.    Plaintiffs, JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse, reallege and incorporate paragraphs 1 through 3 as fully set forth hereinabove.

38.    On or about January 23, 2023, Plaintiff, JAMIE A. DUNAWAY, was a restrained driver in a vehicle traveling eastbound on Alternate US Highway 19 attempting to turn northbound at the intersection of US Highway 19 in Pasco County, Florida.    Defendant, RYAN A. FREDRICKSON, was operating a vehicle (2001 Cadillac El Dorado) traveling southbound on US Highway 19.

39.    Defendant, RYAN A. FREDRICKSON, owed Plaintiff, JAMIE A. DUNAWAY, a duty to operate his vehicle in a careful and prudent manner in order to avoid a collision with the vehicle occupied by the Plaintiff.

40.    At all times material to this cause of action, Defendant, RYAN A. FREDRICKSON, breached that duty, by carelessly and negligently operating his vehicle; and/or failing to stop and/or failing to pay attention to traffic and traffic control devices; and/or traveling at an excessive rate of speed; and/or traveling in and out of traffic and swerving in a reckless manor; and/or operating his vehicle while under the influence of alcohol, drugs or controlled substances; and/or failing to stop at the red stop light at the subject intersection, resulting in his vehicle colliding with the Plaintiff, JAMIE A. DUNAWAY's, vehicle and propelling it into another vehicle.

41. At all times hereto, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, had an ownership interest in the motor vehicle being operated by Driver and Co-Defendant, RYAN A. FREDRICKSON.

42. Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, voluntarily entrusted Driver and Co-Defendant, RYAN A. FREDRICKSON, with their motor vehicle, a dangerous intstrumentality, and the motor vehicle was under the custody and control of Driver and Co-Defendant, RYAN A. FREDRICKSON, at the time of Plaintiff's injuries.

43. Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are strictly liable for damages caused by the negligent operation of their motor vehicle by Driver and Co-Defendant, RYAN A. FREDRICKSON. As a result, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are strictly liable for the injuries suffered by Plaintiff.

44. As a direct and proximate result of Defendant, RYAN A. FREDRICKSON's negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained bodily injury and damages related to said bodily injury.

45. As a direct and proximate result of said negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained the following past and present damages:

    a.    bodily injury;

    b.    great physical pain and suffering in the past and into the future;

    c.    disability and inability and loss of capacity to lead and enjoy a normal life;

    d.    physical impairment;

    e.    disfigurement and scarring;

    f.    mental anguish in the past and into the future;

040523003493

g.     loss of or diminution of earnings or earning capacity, loss of past and/or future earnings;

h.     aggravation and permanent aggravation of an existing disease or physical defect;

i.     permanent injury within a reasonable degree of medical probability and/or certainty; and

j.     medical and related expenses, past and future, incurred in seeking a cure for said injuries.

k.     property-related damage, loss of use, rental costs and diminution in value of the said vehicle.

46.     Furthermore, the losses are either permanent or continuing and Plaintiff, JAMIE A. DUNAWAY, will suffer the losses in the future.

47.     As a direct and proximate result of the carelessness and negligence of Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, the Plaintiff, BRYAN DUNAWAY, has suffered the loss of his wife, JAMIE A. DUNAWAY's, services, consortium, and the care and comfort of her society because of her injuries and disabilities, which are permanent or continuing in nature, and the Plaintiff, BRYAN DUNAWAY, will suffer such losses in the future.

48.     Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are being served through the offices of a Sheriff, an authorized process server; or, in the alternative, if after diligent search and inquiry, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are found to be concealing their whereabouts and avoiding service of process, they will be served within the scope of Florida Statutes 48.161 and 48.171.

040523003493

## COUNT V
### JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse
### vs. HARRY HINKLEMAN and JANE HINKLEMAN
(Negligent Sale)

49.    Plaintiffs, JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse, reallege and incorporate paragraphs 1 through 3 as fully set forth hereinabove.

50.    On or about January 23, 2023, Plaintiff, JAMIE A. DUNAWAY, was a restrained driver in a vehicle traveling eastbound on Alternate US Highway 19 attempting to turn northbound at the intersection of US Highway 19 in Pasco County, Florida.    Defendant, RYAN A. FREDRICKSON, was operating a vehicle (2001 Cadillac El Dorado) traveling southbound on US Highway 19.

51.    Defendant, RYAN A. FREDRICKSON, owed Plaintiff, JAMIE A. DUNAWAY, a duty to operate his vehicle in a careful and prudent manner in order to avoid a collision with the vehicle occupied by the Plaintiff.

52.    At all times material to this cause of action, Defendant, RYAN A. FREDRICKSON, breached that duty, by carelessly and negligently operating his vehicle; and/or failing to stop and/or failing to pay attention to traffic and traffic control devices; and/or traveling at an excessive rate of speed; and/or traveling in and out of traffic and swerving in a reckless manor; and/or operating his vehicle while under the influence of alcohol, drugs or controlled substances; and/or failing to stop at the red stop light at the subject intersection, resulting in his vehicle colliding with the Plaintiff, JAMIE A. DUNAWAY's, vehicle and propelling it into another vehicle.

040523003493

53.    At all times hereto, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, owed a duty to Plaintiff and the general public to exercise reasonable care in the sale of their vehicle to other drivers.

54.    At all times material to this cause of action, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, breached that duty by selling their vehicle to Driver and Co-Defendant, RYAN A. FREDRICKSON, who was known or should have been known to be a dangerous and unsafe driver; and/or was known or should have been known to abuse drugs, alcohol or controlled substances; and/or was known or should have been known to have a poor driving record.

55.    As a result of the said negligence, Driver and Co-Defendant, RYAN A. FREDRICKSON, purchased the said 2001 Cadillac El Dorado and caused a collision with the vehicle occupied by Plaintiff, JAMIE A. DUNAWAY, who suffered serious and permanent injuries.

56.    That the dangerous and unsafe driving of Driver and Co-Defendant, RYAN A. FREDRICKSON, was a foreseeable event due to the negligence of Defendants, HARRY HINKLEMAN and JANE HINKLEMAN.

57.    As a direct and proximate result of Defendant, RYAN A. FREDRICKSON's negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained bodily injury and damages related to said bodily injury.

58.    As a direct and proximate result of said negligence, Plaintiff, JAMIE A. DUNAWAY, has sustained the following past and present damages:

     a.    bodily injury;

     b.    great physical pain and suffering in the past and into the future;

     c.    disability and inability and loss of capacity to lead and enjoy a

040523003493

normal life;

d.    physical impairment;

e.    disfigurement and scarring;

f.    mental anguish in the past and into the future;

g.    loss of or diminution of earnings or earning capacity, loss of past and/or future earnings;

h.    aggravation and permanent aggravation of an existing disease or physical defect;

i.    permanent injury within a reasonable degree of medical probability and/or certainty; and

j.    medical and related expenses, past and future, incurred in seeking a cure for said injuries.

k.    property-related damage, loss of use, rental costs and diminution in value of the said vehicle.

59.    Furthermore, the losses are either permanent or continuing and Plaintiff, JAMIE A. DUNAWAY, will suffer the losses in the future.

60.    As a direct and proximate result of the carelessness and negligence of Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, the Plaintiff, BRYAN DUNAWAY, has suffered the loss of his wife, JAMIE A. DUNAWAY's, services, consortium, and the care and comfort of her society because of her injuries and disabilities, which are permanent or continuing in nature, and the Plaintiff, BRYAN DUNAWAY, will suffer such losses in the future.

61.    Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are being served through the offices of a Sheriff, an authorized process server; or, in the alternative, if after diligent

040523003493

search and inquiry, Defendants, HARRY HINKLEMAN and JANE HINKLEMAN, are found to be concealing their whereabouts and avoiding service of process, they will be served within the scope of Florida Statutes 48.161 and 48.171.

**WHEREFORE**, Plaintiff, JAMIE A. DUNAWAY, Individually, and BRYAN DUNAWAY, Her Spouse, demand judgment against the Defendants, RYAN A. FREDRICKSON, HARRY HINKLEMAN and JANE HINKLEMAN, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs, and respectfully requests a trial by jury on all issues so triable.

Dated this _24th_ day of **March 2023.**

**LOWMAN LAW FIRM**

**VINCENT M. MASSARO, Esq.**
**FBN: 0092872**
**JOHN D. MCBRIDE, Esq.**
**FBN: 0096451**
**BRENT M. LOWMAN, Esq., CPA,**
**FBN: 0093239**
**J. ALEXANDER LAO, Esq.**
**FBN: 0177131**
**MATTHEW M. DONALDSON, Esq.**
**FBN: 0974226**
31 S. Main Street
Brooksville, Florida 34601
P: (352) 796-0016
F: (352) 797-7414
pleadings@lowmanlawfirm.com - primary email
**Counsel for Plaintiffs**

Dunaway et al. vs. Fredrickson et al.
Hernando County Case No: 2023-CA-002635
Page 16 of 16

040523003493