UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:26-cv-01767

JAMIE DUNAWAY and
BRYAN DUNAWAY,

       Plaintiff,

v.

CHUBB INSURANCE COMPANY OF NEW JERSEY
a Foreign Corporation,

       Defendant.

_____/

## RESPONSE TO COURT'S ORDER TO SHOW CAUSE [D.E. 8]

Defendant, CHUBB INSURANCE  COMPANY OF NEW JERSEY ("Chubb" or "Defendant"), by and through undersigned counsel, submits this response to the Court's June 18, 2026 Order to Show Cause [D.E. 8], and states as follows:

1. Plaintiffs, Jamie Dunaway and Bryan Dunaway, filed this declaratory judgment action in state court on April 28, 2026.  The Complaint seeks a declaration that a policy issued by Chubb covers the plaintiff's claims against Ryan Fredrickson, which are pending in an underlying liability suit, *Jamie Dunaway and Bryan Dunaway v. Ryan A. Fredrickson, Harry Hinkleman, and Jane Hinkleman*, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, case no. 2023-CA-002635 ("Underlying Suit").

2. Chubb removed this action on June 17, 2026. [D.E. 1].

LEGAL\116441294\1

3. On June 18, 2026, this Court entered an Order to Show Cause why the matter should not be remanded [D.E. 8]. Specifically, the Court ordered Chubb to explain (1) why the claims are ripe given that the Complaint does not allege that final judgment has been entered against Mr. Fredrickson, and (2) why the parties are of diverse citizenship in light of 28 U.S.C. § 1332(c)(1)(A).

4. With respect to the first inquiry, the 11th Circuit has explained that "an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019). *See also Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015) ("Accordingly, it is axiomatic that an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.").

5. Chubb acknowledges that as of this time, there is not yet a final judgment against Mr. Fredrickson and the underlying lawsuit has not been resolved as to Mr. Fredrickson. However, Chubb advises the Court that a default has been entered against Mr. Fredrickson in the Underlying Suit.[1]

6. "When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint." *Donohue v. Brightman*, 939 So. 2d 1162, 1164 (Fla. 4th DCA 2006). "The entry of default precludes a party from contesting the existence of the

---

[1] Ex. 1 – Order Granting Plaintiff's Motion for Default Judgment.

LEGAL\116441294\1

plaintiff's claim and liability thereon." *Id.* at 1165. "Thereafter, a party has the right to contest damages caused by the party's wrong but no other issue." *Id.*

7.    In light of the default, Mr. Fredrickson's liability has been established in the Underlying Suit.  Only the issue of damages remains at issue in the Underlying Suit.  Thus, Chubb maintains that this action is ripe because "the insured's liability is established." *Mid-Continent,* 766 F. App'x 768 at 770.

8.    With respect to the second inquiry, pursuant to 28 U.S.C. § 1332(c)(1)(A), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of (A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has been incorporated; and (C) the State or foreign state where the insurer has its principal place of business."

9.    "[C]ourts have uniformly defined the term direct action to refer to those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer *without joining the insured or first obtaining a judgment against him.*" *Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295, 1300 (11th Cir. 2014) (emphasis in original). "An action is a direct action only when the cause of action against the insurer is of such a nature that the liability sought to be imposed could be

LEGAL\116441294\1

imposed against the insured." *Knorr v. Standard Fire Ins. Co.*, No. 820CV01813WFJJSS, 2020 WL 5229406, at *2 (M.D. Fla. Sept. 2, 2020).

10. "[T]he key feature of a direct action under § 1332(c) is, and always has been, the plaintiff's ability to skip suing the tortfeasor and sue directly his insurance carrier." *Kong*, 750 F.3d at 1301. "Florida precludes such actions by requiring its tort plaintiffs to first obtain a settlement or verdict against an insured as a condition precedent to maintaining a cause of action against the insurer" pursuant to Fla. Stat. § 627.4136. *Id.*[2]

11. "[U]nless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985). "[I]t is the cause of action asserted against the defendant insurer, not the relationship of the insurer to the insured, that determines the applicability of the section 1332 'direct action' proviso." *Id.* "In other words, the statute will defeat diversity jurisdiction only if the claim which the third party has against the insured—for intentional tort, negligence, fraud, etc.—is the same one asserted against the insurance company as within the zone of primary liability for which the company issued the policy." *John Cooper Produce, Inc. v. Paxton Nat. Ins. Co.*, 774 F.2d 433, 435 (11th Cir. 1985).

---

[2] Chubb is filing a motion to dismiss pursuant to dismiss pursuant to Fla. Stat. § 627.4136 contemporaneously with this filing. Chubb notes that Fla. Stat. § 627.4136 provides that it is a condition precedent to filing an action against a liability insurer by a person not insured under the policy that the claimant first obtain a "settlement or verdict" against a person insured under the policy, which without dispute has not occurred here. However, as addressed above, Chubb maintains that Fredrickson's *liability* has been established by virtue of the default entered against him in the Underlying Suit.

4

12. Indeed, "[t]he direct action exception is not triggered by claims over an insurer's failure to honor the terms of an insurance policy." *Knorr,* 2020 WL 5229406 at *3.

13. Likewise, the instant case is not a direct action. Plaintiffs are not seeking to add Chubb as a direct defendant in the Underlying Suit.  Further, in the instant suit, Plaintiffs' cause of action against Chubb is not one of negligence.  Instead, in this suit, Plaintiffs seek a declaration that the underlying negligence claims are covered by the Chubb policy.  The liability Plaintiffs seek to impose against Chubb in this action is not liability that could also be imposed against the putative insured.

14. Accordingly, this action does not fall within the direct action exception of 28 U.S.C. § 1332(c)(1)(A).

15. For the reasons set forth above, Chubb respectfully maintains that this Court has subject matter jurisdiction over this action.

Respectfully submitted,

**COZEN O'CONNOR**

By: <u>   /s/  Alexandra J. Schultz   </u>
John David Dickenson, Esq.
Florida Bar No. 575801
Alexandra J. Schultz, Esq.
Florida Bar No. 122100
1801 N. Military Trail, Ste. 200
Boca Raton, FL 33431
Telephone:  (561) 515-5260
jdickenson@cozen.com

5

LEGAL\116441294\1

aschultz@cozen.com
luehara@cozen.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically serve all counsel of record in the service list below.

/s/ *Alexandra J. Schultz*
Alexandra J. Schultz

**SERVICE LIST**
*Attorneys for Plaintiffs*
Jonathan N. Zaifert, Esq.
CAGLIANONE, MILLER & ZAIFERT, P.A.
1580 W. Cleveland Street
Tampa, FL 33606
Telephone: (813) 314-9346
jzaifert@cagmil.com
trogers@cagmil.com

6